UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORTH SHORE CO-OWNERS' ASSOCIATION, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:18-cv-03632-JPH-TAB<br>) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendant. | ) |

**ORDER DENYING NATIONWIDE'S PARTIAL MOTION TO DISMISS**

North Shore Co-Owners' Association alleges that Nationwide Mutual Insurance Company breached the insurance policy issued to North Shore by failing to fully pay for covered shingle damage. North Shore also alleges that Nationwide acted in bad faith by wrongly and intentionally deceiving North Shore and denying coverage for open and obvious cosmetic hail damage. Nationwide has moved to dismiss North Shore's bad-faith claim, asserting that it had a rational basis for denying coverage for the shingle damage. Dkt. [9]. For reasons that follow, that motion is **DENIED**.

**I.
Facts and Background**

In deciding Nationwide's motion for dismissal, the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Nationwide insured North Shore's buildings. Dkt. 1-2 at 3 (Compl. ¶ 1). The policy covered cosmetic shingle damage from hail, even if that damage was just cosmetic. *Id.* at 5 (¶ 18). During the policy period, North Shore's roofs sustained open and obvious hail damage. *Id.* at 3–4 (¶¶ 2–3, 14).

Nationwide hired Nederveld, a preferred vendor, to inspect North Shore's buildings and to submit a report on the damage. *Id.* at 5 (¶¶ 16, 17, 20). Nederveld defined "damage" from hail to only include functional shingle damage, not cosmetic damage. *Id.* (¶ 19). Under that definition, Nederveld reported to Nationwide that North Shore's roofs had no damage. *Id.* (¶ 20). Nationwide used Nederveld's report to conclude that the applicable policy only covered functional shingle damage and North Shore's roofs had no damage. *Id.* (¶¶ 21–22). Ultimately, Nationwide did not pay the full amount of the loss. *Id.* at 3 (¶ 4).

Nationwide removed North Shore's complaint to this court on November 20, 2018. Dkt. 1. The complaint alleges two counts: Count I for breach of contract and Count II for bad faith. Dkt. 1-2. Nationwide answered Count I, dkt. 8, and moves to dismiss Count II, arguing that North Shore has not alleged sufficient facts under Indiana law to support a claim of bad faith, dkt. 10. In response, North Shore argues that the Court should deny the motion to dismiss or alternatively stay Nationwide's motion pending bad faith discovery and/or grant North Shore leave to amend its complaint. Dkt. 14.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616.

A federal court hearing a case under diversity jurisdiction must apply the substantive law of the state in which it sits. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Indiana law governs this case. *See Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 890 (7th Cir. 2011) (applying Indiana law).

## III.
## Analysis

Nationwide argues that Count II should be dismissed because it had a rational basis for its coverage position and North Shore fails to allege any "element of conscious wrongdoing." Dkt. 10 at 3.

North Shore contends that it sufficiently pleads a bad-faith claim because it "alleges furtive intent, deceitful conduct and wrongdoing." Dkt. 14 at 3. North Shore asserts that "[d]enying obvious hail damage, coupled with the size of the claim, estimated at over five hundred thousand dollars, is evidence of conscious wrongdoing so that the insurer can save money." *Id.* at 2.

Indiana recognizes a legal duty, implied in all insurance contracts, requiring the insurer to deal in good faith with its insured. *Allstate Ins. Co. v. Fields*, 885 N.E.2d 728, 732 (Ind. Ct. App. 2008) (citing *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993)). The standard for establishing bad faith is high: "[A] good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith." *Hickman*, 622 N.E.2d at 520. Bad faith arises when an insurance claim is wrongfully denied and the insurer knows there is "no rational, principled basis" for denying the claim. *Id.* at 519; *see Masonic Temple v. Ind. Farmers Mut. Ins. Co.*, 779 N.E.2d 21, 29 (Ind. Ct. App. 2002) ("poor judgment and negligence do not amount to bad faith; rather, the additional element of conscious wrongdoing (dishonest purpose, moral obliquity, furtive design or ill will) must be present.").

North Shore's factual allegations are sufficient to support the inference that Nationwide intentionally attempted to deceive North Shore and denied liability without a rational basis for doing so. The complaint does not merely

allege that Nationwide denied coverage for hail damage that should have been covered. It also alleges that Nationwide hired Nederveld, a preferred vendor, who defined hail "damage" to only include functional damage when the policy covered cosmetic shingle damage, dkt. 1-2 at 3 (¶¶ 18-19), and reported to Nationwide that the roofs had no damage, even though the damage was open and obvious, *id.* (¶¶ 20-23). The complaint further alleges that in the course of denying claims for cosmetic damage, Nationwide "misrepresented its policy," dkt. 1-2 at 5 (¶ 22), and "conspired with Nederveld to deceive [North Shore]," *id.* (¶ 23). These allegations raise an inference that Nationwide knew there was no legitimate basis for defining damage as to only include functional damage and denying coverage. *See Hickman,* 622 N.E.2d at 519 ("The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (l) making an unfounded refusal to pay policy proceeds…").[1]

Lastly, Nationwide contends that North Shore cannot rely on the applicable policy because it was not attached to the complaint. Dkt. 10 at 3. Pleadings include the complaint, the answer, and any written instruments attached as exhibits. *See* Fed R. Civ. P. 7(a); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Nationwide attached the policy to its answer and admitted its existence so it is part of the pleadings. Dkt. 8-1.

---

[1] The Court did not consider North Shore's attached exhibit, dkt. 14-1, in reaching this result.

Accepting North Shore's factual allegations as true—that Nationwide conspired with Nederveld to conceal facts and mislead North Shore about the nature and extent of the damage—it is reasonable to infer that Nationwide's actions were not the result of poor judgment, negligence or a good-faith dispute, but bad faith. The complaint therefore states "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## IV.
## Conclusion

For these reasons, Nationwide's Motion to Dismiss Count II of North Shore's complaint, dkt. [9], is **DENIED**.

**SO ORDERED.**

Date: 7/22/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

William David Beyers
BUCHANAN & BRUGGENSCHMIDT PC
bbeyers@bbinlaw.com

Joseph P. Carlasare
SMITHAMUNDSEN LLC
jcarlasare@salawus.com

David E. Miller
SAEED & LITTLE LLP
david@sllawfirm.com