UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORTH SHORE CO-OWNERS' ASSOCIATION, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:18-cv-03632-JPH-TAB<br>) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## ORDER ON DISCOVERY DISPUTE

The Court held a telephonic status conference on August 23, 2019, to discuss a discovery dispute regarding an expert witness. Parties appeared by counsel. Plaintiff identified Matthew Latham, Plaintiff's public adjuster, as an expert witness, although he was not specifically retained as a litigation expert. Defendant has identified numerous other cases where Latham has testified as a public adjuster and as a non-retained expert. Defendant seeks to obtain copies of his depositions in those cases. Plaintiff objects, arguing the depositions are not relevant and that portions are confidential and protected.

Rule 26(b) of the Federal Rules of Civil Procedure states in relevant part, "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Given the broad scope of Rule 26, Latham's prior federal court testimony is discoverable, as it may be useful in assuring accuracy and consistency in his testimony. The real issue is whether this prior testimony is somehow confidential.

To address this, the Court ordered Plaintiff to obtain a list from Latham of the cases in which he has testified as a non-retained expert in federal court and to produce this list to Defendant. Defendant has already identified one prior deposition of Latham. Defendant may pick three additional cases from the list to be provided and request those depositions as well. Upon receiving that request, Plaintiff shall produce the depositions. If Plaintiff believes portions of the requested depositions are confidential, Plaintiff should make a good faith effort to redact the depositions as necessary. If a dispute about confidentiality remains, the parties may contact the Magistrate Judge to address this dispute.

The parties also disputed the extent to which Latham is entitled to fees incurred in preparing for and giving his deposition testimony. Rule 26(b)(4)(E)(i) provides, "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery[.]" After hearing from the parties, the Court concluded that $300 an hour was a reasonable fee for the actual deposition time. Therefore, Defendant shall pay Latham $300 an hour for the time he spends giving deposition testimony in this case. The Court advised the parties to try to come to an agreement regarding any additional payment Latham may be entitled to receive for his time spent gathering the requested documents and preparing for his deposition. Latham should keep a record of his time, and if a dispute remains, Plaintiff can file a motion seeking reimbursement for those alleged costs for the Court to review.

Date: 8/27/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email