UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORTH SHORE CO-OWNERS' ASSOCIATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:18-cv-03632-JPH-TAB |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **ORDER ON DISCOVERY DISPUTE**

The parties appeared by counsel on September 12, 2019, for a telephonic status conference to address continuing discovery disputes related to Plaintiff's public adjuster, Matthew Latham. The Court previously ordered Plaintiff to obtain from Latham a list of cases in which he has testified as a non-retained expert in federal court and to produce this list to Defendant. [[Filing No. 54](#).] Plaintiff and Latham have worked to identify cases responsive to this order but have not produced a list. Defendant, on its own, identified and procured copies of Latham's deposition testimony in two federal court cases. A third case, *Praise Center Church*, has also been identified, but it is a Colorado state court case, which is beyond the scope of the Court's order.

The Court ordered Plaintiff to produce a list, subject to Rule 11 of the Federal Rules of Civil Procedure, to Defendant of all cases in which Latham has testified as a non-retained expert in federal court by September 19, 2019. The Court understands that Latham has been unable to identify additional cases, but Plaintiff nevertheless needs to certify that to the best of Plaintiff and Latham's knowledge, information, and belief, the list is accurate and complete.

Next, Plaintiff requested that Defendant reimburse Plaintiff for $1,096.50 in costs Plaintiff incurred obtaining the deposition in the *Praise Center Church* case. Under the Court's prior order, Defendant would be required to pay the cost of a producing any deposition transcript sought. However, *Praise Center Church* was a state court case. The Court's prior order explicitly applied only to transcripts of Latham's testimony in prior federal court cases. [Filing No. 54.] It would be unfair to require Defendant to reimburse Plaintiff for this state court case transcript, which Defendant did not ask for, particularly since Plaintiff made no attempt to confer with Defendant before ordering the transcript. Thus, the Court denies Plaintiff's request for reimbursement.

The parties also have an ongoing dispute regarding Defendant's ability to acquire transcripts directly from court reporters. At this point in time, the issue appears to be moot, because Defendant has in its possession the transcripts from the only two federal court cases Plaintiff claims that Latham has been able to recall. During the conference, Defendant implied that it may have uncovered—through Defendant's own work product and research—other cases in which Latham testified in federal court. Technically, the Court's prior discovery order only addressed cases identified on Plaintiff's list, so if Defendant has learned of cases outside of that list, they may not be expressly governed by the Court's prior order. However, the same concerns regarding confidentiality nevertheless apply. Therefore, it would be appropriate for Defendant to give Plaintiff an opportunity to review any additional requested transcripts to see if there is a good faith basis for Plaintiff to partially redact such transcripts.

Finally, the parties dispute Defendant's obligation to reimburse Latham for time spent gathering the requested documents. The Court already ordered the parties to try and come to an agreement regarding any additional payment Latham may be entitled to receive for his time spent

2

gathering the requested documents. [Filing No. 54.]  The Court previously noted that Latham should keep a record of his time, and if a dispute remains, Plaintiff can file a motion seeking reimbursement for those alleged costs for the Court to review.  The Court reiterated during the conference that it would not address this issue further by phone.  The Court remains optimistic that the parties can resolve any payment disputes among themselves and encouraged them to do so.  If not, the option to file a motion seeking reimbursement for alleged costs remains.

Date: 9/16/2019

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email