UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORTH SHORE CO-OWNERS' ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-03632-SEB-TAB ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF NORTH SHORE'S MOTION TO STRIKE DEFENDANT NATIONWIDE'S REPLY BRIEF TO NATIONWIDE'S MOTION TO STRIKE CERTAIN EXPERTS**

**I.  Introduction**

In the latest round of disputes in this matter, Plaintiff North Shore Co-Owners' Association, Inc. filed the instant motion [Filing No. 133] to strike the reply brief [Filing No. 131] of Defendant Nationwide Mutual Insurance Company to Nationwide's Motion to Strike Certain Experts.  North Shore argues that Nationwide raises new arguments and case law in the reply that could have been raised in Nationwide's original motion.  For reasons explained below, North Shore's motion to strike Nationwide's reply is denied, but North Shore's alternative request for leave to file a sur-reply to Nationwide's reply is granted.

**II.  Background**

On July 31, 2020, Nationwide filed multiple motions to strike, preclude, and/or limit expert testimony [Filing No. 117, Filing No. 118, Filing No. 119, Filing No. 120, and Filing No. 121.]  In addition, Nationwide simultaneously filed an omnibus memorandum of law in support of the motions to strike.  [Filing No. 122.]  On September 4, 2020, North Shore filed its response

in opposition to Nationwide's motions to strike. [Filing No. 126.] That response included an attached affidavit from Matthew Latham. [Filing No. 126-13.] On September 15, 2020, Nationwide filed a motion to strike the "late disclosed" affidavit. [Filing No. 127.] In addition, on September 18, 2020, Nationwide filed a reply brief [Filing No. 131] in support of its original motion to strike Latham's testimony.

At the parties' request, the Court held a status conference on September 21, 2020, to address Nationwide's motion to strike the late-filed affidavit [Filing No. 127]. [Filing No. 132.] The Court denied Nationwide's motion to strike, noting that "such motions are disfavored[,]" but stated during the September 21, 2020, conference—and in its September 25, 2020, order following the conference [Filing No. 132]—that the proper way for Nationwide to address its concerns with Latham's affidavit was to include the arguments in a reply brief in support of its original motion to strike Latham's testimony. [Filing No. 132, at ECF p. 2.] The Court concluded: "A review of Nationwide's reply brief [Filing No. 131] reveals that is precisely what Nationwide has done." [Filing No. 132, at ECF p. 2.]

Nevertheless, on September 25, 2020, four days after that conference and roughly 20 minutes after the Court's order [Filing No. 132] was entered on CM/ECF, North Shore filed the instant motion to strike Nationwide's reply brief [Filing No. 133]. North Shore seeks to have the Court strike Nationwide's reply "because it raises new argument and case law that could have been raised in its original motion." [Filing No. 133, at ECF p. 1.] North Shore argues that Nationwide cites, for the first time, arguments related to Latham as well as other experts that could have been raised in its original briefing. [Filing No. 133, at ECF p. 3-4.] In the alternative, North Shore requests leave to file a sur-reply. [Filing No. 133, at ECF p. 4.]

Nationwide, by contrast, describes North Shore's motion to strike Nationwide's reply brief as a continuation of "its campaign of distraction and distortion[.]" [Filing No. 134, at ECF p. 1.] Nationwide reiterates the procedural background of this matter, particularly the September 21, 2020, status conference and the Court's subsequent order summarizing it. [Filing No. 134, at ECF p. 2.] Nationwide accuses North Shore of acting in bad faith and engaging in "procedural gamesmanship" by filing the instant motion. [Filing No. 134, at ECF p. 3.] In reply, North Shore disputes Nationwide's characterizations and restates its argument that Nationwide has not provided good cause for raising new argument and case law in its reply brief. [Filing No. 139, at ECF p. 1.]

### III.    Discussion

As the Court stated in its prior order, motions to strike are generally disfavored. [Filing No. 132, at ECF p. 2.] *See, e.g.*, *Crowder v. Foster Wheeler*, LLC, 265 F.R.D. 368, 370 (S.D. Ind. 2009) ("Motions to strike are disfavored because they potentially only serve to delay."). This is especially true in this case, where North Shore moved to strike a reply brief that the Court already acknowledged [Filing No. 132], and which addresses—at least in part—an issue that the Court explicitly told Nationwide was best addressed in such reply.

Still, the Court is hesitant to label North Shore's filing as an act of bad faith. North Shore articulated its reasoning for filing the motion and reiterated in its reply North Shore's belief that Nationwide raised new arguments in the reply beyond that which the Court authorized. North Shore's motion also alternatively seeks leave to file a sur-reply to have an opportunity to respond to the allegedly new arguments. [Filing No. 133, at ECF p. 4-5.]

A review of Nationwide's reply brief [Filing No. 131] indicates that much of the brief simply expands upon its original motions and its omnibus memorandum, which sought an order

3

"barring Plaintiff from eliciting any rule 702 opinions" from Latham, Justin Reddick, Randal Adkins, Jane Lampman, and Martin Shields.  [Filing No. 122, at ECF p. 19-20.]  However, it also reveals that Nationwide addresses, at least in part, issues not raised in the original motions to strike.  But Nationwide expresses a good basis for doing so, considering North Shore's response and attachments, including the late-filed Latham affidavit.  The Court's order [Filing No. 132] provides additional supportive reasoning.  Accordingly, North Shore's motion to strike Nationwide's reply brief [Filing No. 133] is denied, but its alternative request to file a sur-reply is granted.

**IV.   Conclusion**

North Shore's motion to strike Nationwide's reply brief [Filing No. 133] is denied. However, North Shore's alternative request to file a sur-reply is granted.  North Shore has seven days from the date of this order to file a sur-reply, which should not exceed five pages in length. No extensions will be granted.

Date: 11/17/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email