UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORTH SHORE CO-OWNERS' ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:18-cv-03632-SEB-TAB ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

**ORDER DENYING PLAINTIFF'S MOTION TO ORDER PARTIES (TO SECURE) APPRAISAL**

This litigation arises out of Defendant Nationwide Mutual Insurance Company's ("Nationwide") partial denial of insurance coverage for alleged hail damage to Plaintiff North Shore Co-Owners' Association's ("North Shore") insured property. Now before the Court is North Shore's Motion to Order Parties to Appraisal ("Motion for Appraisal") [Dkt. 138]. With this motion, North Shore contends that a clause in the parties' insurance policy entitles it to submit the parties' dispute over the alleged losses to a third-party appraiser. We conclude that North Shore has waived its contractual right to an appraisal by its untimely demand, and therefore **DENY** North Shore's motion.

I.  **Facts and Procedural Background**

North Shore's Complaint alleges that on or about May 19, 2017, a hailstorm damaged the roof shingles and soft metals at its North Shore condominiums, which were insured by Nationwide at that time. [Dkt. 1-2 at 3, Compl. ¶¶ 2-3; Dkt. 142 at 1]. On January 5, 2018, Nationwide sent a partial denial to North Shore, tendering payment only

1

for costs incurred in replacing the soft metals. [Dkt. 142 at 2]. In denying coverage for the damage to North Shore's roof shingles, Nationwide asserted that its review showed that the roof shingles had not been damaged by hail. *Id.*

On October 28, 2018, North Shore initiated this insurance coverage dispute against Nationwide in Marion Superior Court (Indiana), seeking recovery for its alleged roof shingles damages. [Dkt. 1-2]. Nationwide subsequently removed this matter to federal court on November 20, 2018. *Id.* Since the filing of this suit, the parties have engaged in extensive (and costly) expert discovery, most of which has been highly contentious, requiring the continued involvement of the Magistrate Judge. [*See* Dkt. Nos. 39, 44, 52, 54, 55, 57, 58, 62, 70, 72, 80, 86, 89, 103, 106, and 132].

On October 2, 2020, four months after the close of discovery and weeks before the dispositive motion deadline, North Shore filed its pending Motion for Appraisal, invoking, for the first time, an appraisal provision contained within its insurance policy with Nationwide. [Dkt. 138]. This provision provides:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser after receiving a written request from the other, and will advise the other party of the name of such appraiser within 20 days. The two appraisers will select an umpire. If the appraisers cannot agree, either may make request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
>
> Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.

[Dkt. 101-1 at 56].

Prior to North Shore's instant motion, neither party sought to enforce this provision at any time during the claims process or in this litigation, instead choosing to engage in the highly contentious, protracted, and, we assume, costly expert discovery referenced previously.

As explained herein, Nationwide objects to North Shore's belated invocation of the appraisal provision, contending that by its delay North Shore waived any right to appraisal.

## II.     Analysis

Under Indiana law, appraisal provisions, such as that contained in the parties' insurance policy, allow for "an inexpensive and speedy means of settling disputes" concerning damages. *Shifrin v. Liberty Mutual Insurance*, 991 F. Supp. 2d 1022, 1038 (S.D. Ind. 2014) (quoting *Cent. Life. Ins. Co. v. Aetna Cas. & Sur. Co.*, 466 N.W.2d 257, 260 (Iowa 1991)). Indiana law treats an insurance policy's appraisal provision as a contract right. "[L]ike any other contract right, the right to appraisal may be waived." *G&S Metal Consultants, Inc. v. Continental Cas. Co.*, 200 F. Supp. 3d 760, 764 (N.D. Ind. 2016). When an appraisal provision lacks any specifics as to timing, the clause must be asserted "within a reasonable time under the circumstances of the case . . ." *Monroe Guar. Ins. Co. v. Backstage, Inc.,* 537 N.E.2d 528, 529 (Ind. Ct. App. 1989). The right to an appraisal is considered waived when "good-faith negotiations concerning the amount of loss [have] ceased" and "prejudice result[s] from the delay in demanding appraisal." *Id.*

North Shore's barebones Motion for Appraisal provides no explanation of or justification for its belated decision to invoke the policy's appraisal. Given the belated nature of the motion, Nationwide opposes North Shore's attempt to invoke the appraisal provision and insists that this option has now been waived. Nationwide also explains that North Shore's motion was filed a mere five days after the parties appeared for a conference before the Magistrate Judge wherein the Magistrate Judge admonished North Shore for its dilatoriness in undertaking the expert discovery. [*See* Dkt. 132]. Nationwide argues that it would suffer significant prejudice if North Shore were permitted to pursue an appraisal at this late stage of this litigation. We do not dispute Nationwide's assessment.

North Shore filed no Reply Brief to rebut Nationwide's claims of prejudice from the delay. Whatever rejoinder it may have had with respect to Nationwide's arguments that the motion is untimely and would result in substantial prejudice to Nationwide if granted, we can only speculate. *See Boss Hoggs BBQ, LLC v. Marion Co. Prosecutor's Off.*, No. 1:10-cv-1318-TWP-TAB, 2012 WL 639524, at *6 (S.D. Ind. Feb. 2, 2012) (citing *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011)).

A contractual option, such as this appraisal provision, which lacks any specific time reference, must be invoked within a reasonable time in light of the circumstances of the instant case. *See Monroe*, 537 N.E.2d at 529. We hold that North Shore's invocation at this late stage is unreasonable. *See, e.g., Advanced Radiant Sys., Inc. v. Peerless Indem. Ins. Co.*, No. 1:14-cv-01943-JMS-DML, 2016 WL 1117759, at *10 (S.D. Ind. Mar. 22, 2016) (holding that a party "has waived [the right of appraisal] by waiting until almost a

4

year after commencing litigation to request it."); *G&S Metal Consultants*, 200 F. Supp. 3d at 765 (holding that allowing defendant to invoke appraisal provision after seven years of litigation would be both manifestly unreasonable and prejudicial to plaintiff); *Cypress Point at Lake Orlando Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, No. 6:10-cv-1459-Orl-36TBS, 2012 WL 6138993, at *2 (M.D. Fla. Nov. 19, 2012) (holding that plaintiff had "waived its right to appraisal by engaging in extensive litigation and failing to seek appraisal until roughly three months before trial.") *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 11-60601-CIV, 2012 WL 1288735 (S.D. Fla. Apr. 4, 2012) (holding that a plaintiff "vigorously litigating [a] case for 16 months [. . .] waives its appraisal right by acting inconsistently[.]"); *Southland Lloyds Ins. Co. v. Cantu,* 399 S.W.3d 558, 577-78 (Tex. App. 2011) (holding that insurer had waived right to appraisal after it had attempted to raise it sixteen months into litigation). North Shore's two-year delay, especially in the absence of any proffered justification, is simply too long.[1]

---

[1] Though North Shore sidesteps confronting its untimeliness in bringing this motion, it has cited cases where the contractual right of appraisal was determined not to have been waived by a party. *See e.g. Shifrin v. Liberty Mutual Ins.*, 991 F. Supp. 2d 1022, 1041 (S.D. Ind. 2014); *FDL, Inc. v. Cincinnati Ins.*, 135 F.3d 503, 504 (7th Cir. 1997); *Philadelphia Indemnity v. WE Pebble Point*, 44 F. Supp. 3d 813, 815. In each of the cases North Shore cites, however, the appraisal process was invoked prior to litigation or shortly afterward, and the questions of waiver were independent of the timeliness of any appraisals at issue. *See e.g. Shifrin*, 991 F. Supp. 2d at 103 (contractual right of appraisal was not waived where party invoked appraisal three months prior to litigation); *FDL, Inc.*, 135 F.3d at 503 (right of appraisal was not waived where parties had begun appraisal process shortly before litigation commenced), *Philadelphia Indemnity*, 44 F. Supp. 3d at 815 (right of appraisal was not waived where party invoked appraisal three and a half months prior to litigation).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Order Parties to Appraisal [Dkt. 138] is **DENIED.**

IT IS SO ORDERED.

Date: 7/1/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William David Beyers
BUCHANAN & BRUGGENSCHMIDT PC
bbeyers@bbinlaw.com

Joseph P. Carlasare
SMITHAMUNDSEN LLC
jcarlasare@salawus.com

David E. Miller
SAEED & LITTLE LLP
david@sllawfirm.com

Sulema Medrano Novak
FAEGRE DRINKER BIDDLE & REATH LLP (Chicago)
sulema.novak@faegredrinker.com